IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANICE BURRELL; GLADYS FULLER; )
WILLIE AND SHIRLEY CHANEY; ANGELA )
TARDIE; ROBERT AND DEBORAH )
COBURN; AND WILLIE AND LISA )
MITCHELL )
　)
　　Plaintiffs, )
　)
v. ) CASE NUMBER: 07-
　)
AMERIQUEST MORTGAGE COMPANY, )
　)
　)
　　Defendant. )

## COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage Company aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in a mortgages upon Plaintiffs' homes, all of which are located in Mobile County, Alabama. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained his or her right to cancel the transaction. Each Plaintiff

has exercised that right by delivering written notice of his or her election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Each Plaintiff seeks a court determination that his or her loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiffs are all of full age of majority and reside in Mobile County, Alabama.

2. Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3. Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date

of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. As to each of the Plaintiffs' loans AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

9. With respect to each of the Plaintiffs' loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10. Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11. Each of the Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. Each of the Plaintiffs offered, in their notice of rescission, to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

12. AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

## The Burrell Loan

13. Plaintiff Janice Burrell is an adult resident of Mobile County, Alabama and at all material times resided at 3100 Augus Crive North in Mobile, Alabama.

14. On or about March 8, 2005, Ms Burrell obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $74,375 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Burrell Loan").

15. AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

16. With respect to the Burrell Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17. As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms Burrell retained her right to cancel the transaction.

4

18.     By letter dated August 13, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan. In the notice, Plaintiff offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

19.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT I
### TILA Violations - Burrell

21.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22.     Plaintiff has properly and effectively cancelled and rescinded the Burrell Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.     Defendant has violated TILA, with respect to the Burrell Loan, in at least the following ways:

  (A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

  (B)   By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Janice Burrell respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

  A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

  B)   Actual damages in an amount to be determined at trial;

C)  Rescission of the Burrell Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)  A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)  A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)  An award of reasonable attorney fees and costs; and

H)  Such other relief at law or equity as this Court may deem just and proper.

**The Fuller Loan**

24. Plaintiff Gladys Fuller is an adult resident of Mobile County, Alabama and at all material times resided at 1410 Goodmand Avenue in Mobile, Alabama.

25. On or about May 17, 2005, Ms Fuller obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $68,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Fuller Loan").

26. AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

27. With respect to the Fuller Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week"

"notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28. As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms Fuller retained her right to cancel the transaction.

29. By letter dated August 3, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan. In the notice, Plaintiff offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

30. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT II
### TILA Violations - Fuller

32. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

33. Plaintiff has properly and effectively cancelled and rescinded the Fuller Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34. Defendant has violated TILA, with respect to the Fuller Loan, in at least the following ways:

   (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

   (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

7

WHEREFORE, Plaintiff Gladys Fuller respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Fuller Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Chaney Loan**

35. Plaintiffs Willie and Shirley Chaney are married and, at all material times, resided at 1108 Greenway Drive East in Mobile, Alabama.

36. On or about November 11, 2004, Mr. and Mrs. Chaney obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $80,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Chaney Loan").

37. AMC failed to provide the required notices of the Plaintiffs' right to cancel the Chaney loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.

At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38. With respect to the Chaney loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

39. As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Willie and Shirley Chaney retained their right to cancel the transaction.

40. By letter dated August 2, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan. In the notice, Plaintiffs offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

41. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT III
### TILA Violations - Chaney

43. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45. Defendant has violated TILA, with respect to the Chaney Loan, in at least the following ways:

  (A)  By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

  (B)  By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Willie and Shirley Chaney respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

  A)  Statutory damages as provided in 15 U.S.C. § 1640(a);

  B)  Actual damages in an amount to be determined at trial;

  C)  Rescission of the Chaney Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

  D)  A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

  E)  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

  F)  A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

  G)  An award of reasonable attorney fees and costs; and

  H)  Such other relief at law or equity as this Court may deem just and proper.

**The Tardie Loan**

46.  Plaintiff Angela Tardie is an adult resident of Mobile County, Alabama and, at all material times, resided at 14152 Boothtown Road in Citronelle, Alabama.

10

47. On or about March 14, 2005, Ms. Tardie obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $112,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Tardie Loan").

48. AMC failed to provide the required notices of the Plaintiff's right to cancel the Tardie loan. The form notices that were supplied to Ms. Tardie was blank, unsigned and not dated. At no point at or after closing was Ms. Tardie provided a completed, dated or signed notice of their right to cancel the transaction.

49. With respect to the Tardie Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50. As a result of AMC's failure to provide the notices and disclosures required by TILA, the Tardies retained their right to cancel the transaction.

51. By letter dated August 28, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan. In the notice, Plaintiff offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

52. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

### COUNT IV
### TILA Violations - Tardie

54. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

11

55. Plaintiff has properly and effectively cancelled and rescinded the Tardie Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56. Defendant has violated TILA, with respect to the Tardie Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Angela Tardie respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Tardie Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Mitchell Loan**

57. Plaintiffs Willie and Lisa Mitchell are married and, at all material times, resided at 6415 Leflore Drive in Mobile, Alabama.

58. On or about June 16, 2005, Mr. and Mrs. Mitchell obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $64,107 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Mitchell Loan").

59. AMC failed to provide the required notices of the Plaintiffs' right to cancel the Mitchell loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

60. With respect to the Mitchell loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

61. As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Willie and Lisa Mitchell retained their right to cancel the transaction.

62. By letter dated August 2, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan. In the notice, Plaintiffs offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

63. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

64. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

### COUNT V
### TILA Violations - Mitchell

65. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

66. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

67. Defendant has violated TILA, with respect to the Mitchell Loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Willie and Lisa Mitchell respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A) Statutory damages as provided in 15 U.S.C. § 1640(a);

    B) Actual damages in an amount to be determined at trial;

    C) Rescission of the Mitchell Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

    D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

    E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Coburn Loan**

68.   Plaintiffs Robert and Deborah Coburn are married and, at all material times, resided at 9061 Brushfire Circle in Semmes, Alabama.

69.   On or about July 15, 2005, Mr. and Mrs. Coburn obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $70,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Coburn Loan").

70.   AMC failed to provide the required notices of the Plaintiffs' right to cancel the Coburn loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

71.   With respect to the Coburn loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

72.   As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Robert and Deborah Coburn retained their right to cancel the transaction.

15

73. By letter dated August 30, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan. In the notice, Plaintiffs offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

74. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

75. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT VI
## TILA Violations - Coburn

76. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

77. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

78. Defendant has violated TILA, with respect to the Coburn Loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Robert and Deborah Coburn respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A) Statutory damages as provided in 15 U.S.C. § 1640(a);

    B) Actual damages in an amount to be determined at trial;

C) Rescission of the Coburn Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiffs

Post Office Box 969
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104