IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANICE BURRELL; GLADYS FULLER; WILLIE AND SHIRLEY CHANEY; ANGELA TARDIE; ROBERT AND DEBORAH COBURN; AND WILLIE AND LISA MITCHELL, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | CASE NUMBER |
| v. | )<br>) | 1:07-cv-00623-KD-M |
| AMERIQUEST MORTGAGE COMPANY, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

According to the allegations in plaintiffs' Complaint, nine different plaintiffs belatedly attempted to rescind six different "residential real estate mortgage loan[s]" at a time period ranging anywhere between twenty-four and thirty-two months, respectively, after the different plaintiffs had originally obtained their "residential real estate mortgage loan[s]." Plaintiffs were provided ample notice of their rights to rescind at the time of the underlying transactions back in 2004 and 2005, respectively. None of the plaintiffs took any action at the time. The Court should dismiss plaintiffs' time-barred claims under Rule 12(b)(6).

1608185 v1

In support of its Motion, the defendant respectfully states as follows:

## I. **FACTS**

The following facts are alleged in plaintiffs' Complaint or are otherwise likely to be undisputed by the parties:

1. Plaintiffs allege that each of them obtained a "residential real estate mortgage loan" from defendant:[1]

   a. Plaintiff Janice Burrell allegedly obtained her loan on March 8, 2005.[2]

   b. Plaintiff Gladys Fuller allegedly obtained her loan on May 17, 2005.[3]

   c. Plaintiffs Willie and Shirley Chaney allegedly obtained their loan on November 11, 2004.[4]

   d. Plaintiff Angela Tardie allegedly obtained her loan on March 14, 2005.[5]

---

[1] Doc. 1, Compl., ¶¶ 14, 25, 36, 47, 58, & 69. Of course, if the Court were to opt not to dismiss plaintiffs' Complaint, the Court would also need to consider whether all eleven plaintiffs are properly joined in this action under Rule 20(a). *See* FED. R. CIV. P. 20(a). There are at least six separate "residential real estate mortgage loan[s]" placed at issue by plaintiffs' Complaint.

[2] Doc. 1, Compl., ¶ 14. The loan documents appear to reflect a date of March 9, 2005, not March 8 as alleged in the complaint. Presumably, the date March 8 reflects a typographical error in the Complaint.

[3] *Id.* at ¶ 25. The loan documents also identify Clarence Fuller as a borrower. He is not a party to this suit.

[4] *Id.* at ¶ 36.

[5] *Id.* at ¶ 47. The loan documents also identify Jeffrey Tardie as a borrower. He is not a party to this suit.

  e. Plaintiffs Willie and Lisa Mitchell allegedly obtained their loan on June 16, 2005.[6]

  f. Plaintiffs Robert and Deborah Coburn allegedly obtained their loan on July 15, 2005.[7]

2. Plaintiffs admit that they were provided "form notices" of their rescission rights at the time of closing,[8] but they allege that these notices were "blank, unsigned and not dated" and that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction."[9]

3. Plaintiffs admit that they each were provided a notice of Ameriquest's contractual "ONE WEEK CANCELLATION PERIOD,"[10] but they allege that this notice was "confusing" and was "also delivered unsigned and undated."[11]

4. Plaintiff do not dispute that they each signed the "NOTICE OF RIGHT TO CANCEL" form and specifically acknowledged: "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL

---

[6] *Id.* at ¶ 58.

[7] *Id.* at ¶ 69. The loan documents reflect a date of July 18, 2005, not July 15 as alleged in the Complaint. Presumably, the date of July 15 reflects a typographical error in the complaint.

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶¶ 15, 26, 37, 48, 59, & 70.

[10] *Id.* at ¶ 8.

[11] *Id.* at ¶¶ 16, 27, 38, 49, 60, & 71.

and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[12]  Plaintiffs also do not dispute that they specifically acknowledged, at closing, receipt of defendant's "ONE WEEK CANCELLATION PERIOD" form,[13] which contractually provided plaintiffs a longer cancellation period than was required by the federal statute.

5.   Notwithstanding being informed, on March 9, 2005, May 17, 2005, November 11, 2004, March 14, 2005, June 16, 2005, and July 18, 2005, respectively, of their rights to rescind,[14] the plaintiffs did **_not_** attempt to rescind their loans until they allegedly sent letters on August 13, 2007 (Burrell), August 3, 2007 (Fuller), August 2, 2007 (Chaney & Mitchell), August 28, 2007 (Tardie), and

---

[12] *See* Exs. A-F, attached hereto (with loan numbers redacted).  If the Court determines that it needs to evaluate these "NOTICE OF RIGHT TO CANCEL" forms in order to dismiss plaintiffs' claims, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).  In this case, the contents of the "NOTICE OF RIGHT TO CANCEL" documents do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Plaintiffs, presumably, do not dispute the authenticity of their own signatures.

[13] *See* Exs. G-L, attached hereto (with loan numbers redacted).  Per footnote 12, *supra*, the Court may consider these "ONE WEEK CANCELLATION PERIOD" forms on a Rule 12(b)(6) motion.

[14] Doc. 1, Compl., ¶¶ 8-9; *see* Exs. A-L, attached hereto.

1608185 v1                                      4

August 30, 2007 (Coburn), respectively.[15] In other words, all plaintiffs waited **_more than two years_** before attempting to rescind.

6.　Then, on September 5, 2007, plaintiffs filed the present action against the defendant, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaration that security interests are void, return of moneys, declaration that plaintiffs have no duty to tender loan proceeds to defendant, and attorney fees and costs.[16]

## II. <u>ARGUMENT</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.[17] Courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting … bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[18] Moreover, a Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when

---

[15] Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, & 73.

[16] *Id.* at unnumbered "WHEREFORE" paragraphs following ¶¶ 23, 34, 45, 56, 67, and 78.

[17] FED. R. CIV. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005).

[18] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

failure to comply with the statute of limitations is plain on the face of the complaint."[19]

As initial matter, it appears that not all the plaintiffs can meet basic prerequisites for bringing suit. Plaintiffs allege that, under TILA, defendant was required to take action "[w]ithin twenty (20) days after receipt of a consumer's election to cancel the transaction"[20] and specifically allege that defendant violated TILA by failing to do so.[21] However, plaintiffs filed this action on September 5, 2007, but they specifically allege that three of the plaintiffs (Angela Tardie and Robert and Deborah Colburn) failed to notify defendant of their "election to rescind" until August 28 and August 30, 2007, respectively.[22] In other words, these three plaintiffs failed to wait twenty days before filing suit, so the allegation that defendant did take requisite actions within twenty days lacks foundation. However, because these three plaintiffs waited too long before they allegedly attempted to rescind on August 28 and August 30, 2007, respectively, the twenty-day period discussed in paragraph 7 of the Complaint is not as much of an obstacle to plaintiffs' claims as the facts (i) that plaintiffs' had no right to rescind their 2005

---

[19] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[20] Doc. 1, Compl., ¶ 7.

[21] *See id.* at ¶¶ 56(A) & 78(A).

[22] *Id.* at ¶¶ 51 & 73.

loans in 2007 and (ii) that their claims are otherwise barred by the statute of limitations.

The statute under which plaintiff seeks relief, the Truth-in-Lending Act, provides, in relevant part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[23]  Plaintiffs' claims are premised on "residential real estate mortgage loan[s]" that they allegedly obtained between November 11, 2004 and July 15, 2005,[24] so any claims based on Truth-in-Lending violations at the time of closing are ***barred by the statute of limitations***. As such, any relief plaintiffs may seek for Truth-in-Lending violations unrelated to their attempted rescissions beginning on August 2, 2007[25] are time-barred.

The Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[26]  However, if such notice is never

---

[23] 15 U.S.C. § 1640(e) (emphasis added).

[24] *See* Doc. 1, Compl., ¶¶ 14, 25, 36, 47, 58, & 69.

[25] *See id.* at ¶¶ 18, 29, 40, 51, 62, & 73.

[26] 15 U.S.C. § 1635(a) (emphasis added).

provided, the "right of rescission shall expire ***three years*** after the date of consummation of the transaction."[27]

Plaintiffs' allegation in this case that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction"[28] is squarely contradicted by the "NOTICE OF RIGHT TO CANCEL" forms and "ONE WEEK CANCELLATION PERIOD" forms that each of the plaintiffs signed on March 9, 2005, May 17, 2005, November 11, 2004, March 14, 2005, June 16, 2005, and July 18, 2005, respectively.[29] Under the statute, plaintiffs' acknowledgements create a "rebuttable presumption" that they received the forms.[30] Plaintiffs in this case apparently ***do not dispute the authenticity*** of their respective acknowledgments. Instead, plaintiffs' Complaint raises two unrelated challenges to the presumption that they each were informed of their rescission rights at the time of closing.

**First**, plaintiffs allege that their copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on

---

[27] 15 U.S.C. § 1635(f) (emphasis added).

[28] Doc. 1, Compl., ¶¶ 15, 26, 37, 48, 59, & 70.

[29] *See* Exs. A-L, attached hereto.

[30] 15 U.S.C. § 1635(c).

the lender's copies.[31]  This allegation is intended to bring plaintiffs' claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[32] and the Ninth Circuit's *Semar* holding.[33]  The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[34] -- held that a lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f).  However, the First Circuit's recent decision in *Palmer v. Champion Mortgage*[35] is more instructive as to the facts alleged at bar.  In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed she had not received her copies of this form until sometime after April 1.  The *Palmer* court noted that the Notice also "twice indicated in plain language that, in the alternative, the debtor had three business days after *receipt* of the Notice in

---

[31] Doc. 1, Compl., ¶¶ 15, 26, 37, 48, 59, & 70.

[32] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[33] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[34] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

[35] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

which rescind."[36]  The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[37]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" forms that each of the plaintiffs admittedly took home at closing[38] twice indicated to them that they had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction.  Moreover, none of the plaintiffs disputes that the "Document Signing Date" and the "Final Date to Cancel" lines were, in fact, filled in on the copies each of the plaintiffs signed on March 9, 2005, May 17, 2005, November 11, 2004, March 14, 2005, June 16, 2005, and July 18, 2005, respectively.[39]  It is well-settled in the Eleventh Circuit that "***TILA does not require perfect notice***; rather it requires a clear and conspicuous notice of rescission rights."[40]  In this case, ***each plaintiff admits that***

---

[36] *Id.* at 27-28.

[37] *Id.* at 29.

[38] Doc. 1, Compl., ¶ 8.

[39] *See* Exs. A-F, attached hereto.

[40] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

*<u>he/she was informed of his/her right to rescind at the time of closing</u>*.[41]  As such, plaintiffs' claims are due to be dismissed under Rule 12(b)(6).

**Second**, plaintiffs seek to circumvent the statutory proviso giving them until "midnight of the third business day following the consummation of the transaction"[42] to rescind, by alleging that the additional "ONE WEEK CANCELLATION PERIOD" form they signed was "confusing" and "obscur[ed]" their "actual statutory rights."[43]  Plaintiffs are apparently seeking to rely on case law from other circuits analyzing what happens when a lender provides the wrong or conflicting forms, depending on whether or not the transaction in question is a "refinancing" transaction.[44]  Although these decisions from other circuits are not directly on point, plaintiffs presumably will rely on these authorities to support their claims that defendant in this case somehow "obscur[ed]" their statutory rights to rescind by contractually providing plaintiffs a period of time longer than the

---

[41] *See* Exs. A-F, attached hereto; Doc. 1, Compl., at ¶¶ 15, 26, 37, 48, 59, & 70.

[42] 15 U.S.C. § 1635(a).

[43] Doc. 1, Compl., ¶¶ 8, 16, 27, 38, 49, 60, & 71.

[44] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (lender did not provide proper notice of right to rescind where lender provided two separate notices of rescission rights, one for "refinancing" transactions and the other more general form for other transactions); *In re Porter*, 961 F.2d 1066 (3d Cir. 1996) (lender did not provide proper notice of right to rescind where lender failed to provide the specific form explaining the exception for "refinancing" transactions).

three business days set forth in the statute. In *Veale*, however, the Eleventh Circuit **_specifically disagreed with and declined to follow_** the Third Circuit's *Porter* holding.[45] Moreover, the First Circuit just recently declined to follow the Seventh Circuit's *Handy* holding, noting that *Handy* appeared inconsistent with the Eleventh Circuit's *Highland Bank* and *Veale* decisions.[46]

In this case, plaintiffs do not dispute that they received and signed, on March 9, 2005, May 17, 2005, November 11, 2004, March 14, 2005, June 16, 2005, and July 18, 2005, respectively, both the "NOTICE OF RIGHT TO CANCEL" forms and the "ONE WEEK CANCELLATION PERIOD" forms.[47] It is further undisputed that **_no_** plaintiff in this case made any attempt to rescind the transactions either within the statutory three-day period or within the one-week contractual period. As such, plaintiffs' rights to rescind expired long before they allegedly began sending rescission letters on August 2, 2007,[48] and their present claims are due to be dismissed.

---

[45] *Veale*, 85 F.3d at 581.

[46] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.' As the Eleventh Circuit has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA….") (citations omitted). The *Santos-Rodriguez* court further explained that that *Veale* was still good law. *Id.* at 18 n.10.

[47] *See* Exs. A-L, attached hereto.

[48] Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, & 73.

### III. CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an order dismissing the plaintiffs' Complaint.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

 I hereby certify that on October 4, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

  Kenneth J. Riemer, Esq.
  P.O. Box 1206
  Mobile, Alabama  36633

  Earl P. Underwood, Jr., Esq.
  James D. Patterson, Esq.
  Law Offices of Earl P. Underwood, Jr.
  P.O. Box 969
  Fairhope, Alabama 36533-0969

        s/ Stephen J. Bumgarner
        OF COUNSEL